### In re STALNAKER'S ESTATE.
No. 30599.

County Judges' Court, Duval County.

April 16, 1968.

George D. Gabel, Jr. of Kurz, Toole, Taylor & Moseley, Jacksonville, for the petitioner.

Dawson, Galant, Maddox, Boyer, Sulix & Nichols, Jacksonville, for the Commercial Union Insurance Group.

PAGE HADDOCK, County Judge.

*Order granting petition to re-open estate:* This cause came on to be heard upon Seaboard Coast Line Railroad Company's petition to re-open the above estate and the court having heard the arguments and considered the memoranda submitted by counsel for the parties, finds as follows —

That the decedent, Myrtle Taylor Stalnaker, was killed in an automobile-train collision in Duval County on May 22, 1965. Said automobile was owned and operated by decedent. Her surviving spouse, Henry Olen Stalnaker, as duly appointed administrator of her estate, first published the requisite notice to creditors on September 21, 1965. Seaboard Coast Line Railway Company filed no claim aainst the estate within the six month period allowed for creditors. The estate was closed and the administrator was discharged by order of this court on September 22, 1966. On October

27, 1967 summons and complaint were filed in the circuit court of Duval County in the case of Seaboard Coast Line Railroad Company v. Henry Olen Stalnaker, as administrator of the estate of Myrtle Taylor Stalnaker, deceased, no. 67-9058, for an amount in excess of $1,000 for property damage arising out of the railroad crossing accident in which the decedent was killed. The suit was brought within the three-year statute of limitations. On February 23, 1968 the railroad filed its petition to re-open said estate, basing its unliquidated claim upon the aforementioned suit.

That the decedent, at the time of her death, was the owner of automobile policy no. 138 AB 40 0224 with Commercial Union Insurance Group, same being an automobile liability insurance policy. Said insurance policy was never included as an asset of the above estate as previously administered.

That counsel for both sides concede that if §733.16(1)(d), Florida Statutes, which became a law on August 4, 1967, operates retrospectively, petitioner would be permitted to pursue its claim with certain restrictions; the court finds that said section of the statute is remedial in nature and may be given a retrospective application.

The court further finds that irrespective of §733.16(1)(d), Florida Statutes, the automobile liability insurance policy was an unadministered asset of decedent's estate and the estate should be re-opened to permit petitioner to file its claim within the statutory limitations period even though its claim was not filed within the non-claim period. Whether petitioner would have filed its claim within the six month period for creditors if decedent's estate had shown that it owned an automobile liability insurance policy is a matter of conjecture.

Based upon the foregoing findings, it is upon consideration ordered and adjudged as follows —

The petition to re-open the above estate is granted.

Henry Olen Stalnaker is re-appointed administrator of said estate. If said administrator does not desire to serve as administrator, the court at the request of petitioner shall appoint some other suitable person to serve as such administrator.

Petitioner shall bear the cost of re-opening the estate, if unsuccessful in its claim and by its agreement shall enforce its claim, if successful, only against the remaining asset in said estate, that is, said automobile liability insurance policy.